Curtis A. Graham, Bar No. 215745
Michelle Rapoport, Bar No. 247459
Kevin D. Sullivan, Bar No. 270343
Connie L. Chen, Bar No. 275649
FORD & HARRISON LLP
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401
E-mail: cgraham@fordharrison.com
mrapoport@fordharrison.com
ksullivan@fordharrison.com
cchen@fordharrison.com

Attorneys for Defendant
FIDELITY NATIONAL MANAGEMENT SERVICES, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAURIE BUECHE, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL MANAGEMENT SERVICES, LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF FILING A PETITION FOR REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1446**<br><br>[Concurrently filed with (1) Declaration of Kelly Feese in Support of Defendant's Notice of Removal; and (2) Declaration of Michelle Rapoport in Support of Defendant's Notice of Removal] |

TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF LAURIE BUECHE AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant Fidelity National Management Services, LLC ("Defendant"), by and through its undersigned counsel, hereby removes this action from the Superior Court of the State of California for the County of Sacramento ("Superior Court") to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. sections 1332 and 1441, based on the following:

**Commencement And Pendency Of Action In State Court**

1. On February 6, 2012, plaintiff Laurie Bueche ("Plaintiff") filed a Class Action Complaint in the Superior Court (Superior Court Case No. 34-2012-00118325) captioned as: Laurie Bueche, an individual, on behalf of herself, and on behalf of all persons similarly situated, Plaintiff, v. Fidelity National Management Services, LLC, a Delaware Limited Liability Company, and DOES 1 through 50, inclusive ("Class Action Complaint").

2. The Class Action Complaint alleges claims for wage and hour violations and unfair business practices under California law for all current and former employees similarly situated with Plaintiffs from February 6, 2008 to the present. Specifically, the Class Action Complaint alleges claims for: (1) unfair competition in violation of California Business & Professions Code sections 17200, *et seq*.; (2) failure to pay overtime compensation in violation of California Labor Code sections 510, 515, 1194 and 1198, *et seq*.; (3) failure to provide accurate itemized statements in violation of California Labor Code section 226; and (4) failure to provide wages when due in violation of California Labor Code sections 201, 202 and 203. (See Class Action Complaint, attached as Exhibit "A" to the Declaration of Michelle Rapoport.)

3. Defendant was personally served with the Summons and Class Action Complaint on March 26, 2012. (See Service of Process Transmittal attached as Exhibit "B" to the Declaration of Michelle Rapoport at page 2.)

4. Defendant was served with a First Amended Class Action Complaint on April 11, 2012 via U.S. mail. (See Proof of Service attached as Exhibit "C" to the Declaration of Michelle Rapoport.)

5. The First Amended Class Action Complaint adds a fifth claim for violation of the Private Attorneys General Act under Labor Code sections 2698, *et seq*. (See First Amended Class Action Complaint attached as Exhibit "D" to the Declaration of Michelle Rapoport.)

6. Defendant filed its Answer to the First Amended Class Action Complaint in the Superior Court of the State of California, County of Sacramento on April 25, 2012. (See Answer to First Amended Class Action Complaint attached as Exhibit "E" to the Declaration of Michelle Rapoport.)

7. Exhibits "A" through "E" reflect all the process, pleadings, and orders filed or served upon Defendant's agent for service of process (to Defendant's current knowledge) in this action to date. (See Declaration of Michelle Rapoport, ¶ 7.)

**Class Action Fairness Act - Diversity Of The Parties**

8. Pursuant to 28 U.S.C. section 1332(d)(2), this Court has original jurisdiction over this matter because it is a "civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ."

9. Plaintiff Laurie Bueche was employed in California at all times relevant to her claims. (See Class Action Complaint, ¶ 5.) Plaintiff was/is a resident of Sacramento County at all times relevant to her claims. (See Class Action Complaint, ¶ 50.) Thus, Plaintiff is a citizen of California. See 28 U.S.C. § 1332(a)(1) (individual is citizen of State in which he or she is domiciled).

10. Chicago Title Insurance Company is the only member of Fidelity National Management Services, LLC, and Chicago Title Insurance Company is a corporation that is incorporated in the State of Nebraska and has its principal place of business in the State of Florida. (See Feese Decl., ¶ 3.) Thus, Defendant is a citizen of Nebraska and Florida. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (LLC is citizen of every state of which its owners/members are citizens).

11. In addition, for purposes of removal, the citizenship of fictitiously-named "Doe" defendants is to be disregarded. 28 U.S.C. § 1441(a).

12. Accordingly, there exists diversity of citizenship in this action between Plaintiff and Defendant within the meaning of 28 U.S.C. section 1332.

**Class Action Fairness Act - The Amount In Controversy Exceeds $5,000,000**

13. Defendant generally and specifically denies Plaintiff's allegations and Claims for Relief within the Class Action Complaint.

14. In assessing the amount in controversy, however, a court must assume that a jury will return a verdict for the plaintiff on all class claims. See e.g., Kenneth Rothchild Trust v. Morgan Stanley Dean Witter, 199 F.Supp. 993, 1001 (C.D.Cal. 2002).

15. Plaintiff seeks to represent a class of individuals employed in California as Escrow Officers/Escrow Managers during the four years prior to the filing of the Class Action Complaint on February 6, 2012. (Class Action Complaint, ¶ 9.) From February 6, 2008 to the present, more than 100 individuals were employed in these job categories in California. (See Feese Decl., ¶ 7.)

16. Plaintiff Laurie Bueche's average annual salary was $90,000. Accordingly, her weekly salary was approximately $1,730.77 ($90,000 divided by 52). Thus, based on a forty-hour workweek, her regular hourly rate was approximately $43.27. (See Feese Decl., ¶ 8.)

17. The Class Action Complaint's First and Second Causes of Action (Unfair Competition and Overtime Compensation) seeks premium pay for overtime hours worked. The amount in controversy for Plaintiff's First and Second Causes of Action exceeds $19,473,000. The calculation is based upon the following:

a. Assuming a regular hourly wage rate of $43.27, premium pay for each hour worked over eight and under twelve in a day is $64.91 ($43.27 x 1.5).

b. The Class Action Complaint alleges that Plaintiff and the proposed class worked ten (10) to twenty (20) overtime hours per week. (Class Action Complaint, ¶ 10.) Assuming an average hourly overtime rate of $64.91,

multiplied by an average of 15 overtime hours per week equals $973.65 per week.

c. $973.65 times 50 workweeks per year equals $48,682.50 per putative class member per year;

d. $48,682.50 multiplied by 100 employees is $4,868,250;

e. $4,868,250 multiplied by four, due to the alleged four-year limitations period for the Unfair Competition claim, is $19,473,000.

18. The Class Action Complaint's Third Cause of Action (Inaccurate Itemized Statements) alleges up to a $4,000 penalty per employee for an alleged failure to provide accurate wage statements to putative class members. (Class Action Complaint, ¶ 83.) The alleged amount in controversy for Plaintiff's Third Cause of Action therefore exceeds $400,000 ($4,000 times 100 employees) for the alleged putative class members.

19. Thus, with her class allegations, Plaintiff seeks a total of at least $19,873,000 in her First, Second, and Third Causes of Action under the Class Action Complaint. Plaintiff seeks an additional amount of damages and/or penalties in her Fourth Cause of Action (Waiting Time Penalties).

20. In her First Amended Complaint for Damages, Plaintiff seeks further penalties for the foregoing violations under the California Private Attorneys General Act of 2004 ("PAGA"), codified as California Labor Code section 2698, *et seq*. Pursuant to PAGA, Plaintiff may recover a civil penalty of "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." Cal. Lab. Code § 2699(f)(2). Accordingly, calculating $100 penalties for each initial violation and $200 penalties for each subsequent violation, this amounts to a potential $510,000 in additional penalties sought by Plaintiff as follows:

a. $100 per initial violation times 100 employees = $10,000

b. Assuming 26 semi-monthly pay periods, $200 per subsequent

violation times 25 pay periods per year times 100 employees = $500,000 for the alleged one-year limitations period.

21. The Class Action Complaint also seeks attorneys' fees. (Class Action Complaint, ¶¶ 67, 91.) Attorneys' fees are also available under PAGA. Cal. Lab. Code § 2699(g)(1). Importantly, when determining whether a complaint meets the amount in controversy requirements, attorneys' fees must be taken into account when calculating the total amount in controversy. See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-1156 (9th Cir. 1998).

22. In similar class action litigation matters, courts routinely grant attorneys' fees awards in the range of 25% to 33% of the settlement or verdict amount. See e.g., In re Activision Securities Litigation, 723 F.Supp. 1373, 1378 (N.D.Cal. 1989). As such, Plaintiff's counsel's potential attorneys' fee award, assuming the recoveries set forth above, would likely exceed $5,095,750 (25% of $20,383,000).

23. Accordingly, based on Plaintiff's allegations in the Class Action Complaint, Plaintiff presents a total amount in controversy of at least $25,478,750, which exceeds the requirements of 28 U.S.C. section 1332(d).

**Timely Removal**

24. The instant Notice of Filing a Petition for Removal of Civil Action has been timely filed pursuant to 28 U.S.C. § 1446(b). This Notice is filed within thirty (30) days of service of the Class Action Complaint upon Defendant, and the Superior Court in which this action is commenced is within this Court's district and division.

**Notice To Plaintiff And The Superior Court**

25. As required by 28 U.S.C. § 1446(d), Defendant will give notice of this removal to Plaintiff.

26. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Superior Court.

WHEREFORE, Defendant respectfully petitions the removal of the above-captioned action from the Superior Court of the State of California for the County of Sacramento to this United States District Court for the Eastern District of California.

Dated: April 25, 2012

Respectfully submitted,

FORD & HARRISON LLP

By: ______________________________
Curtis A. Graham
Michelle Rapoport
Kevin D. Sullivan
Connie L. Chen
Attorneys for Defendant
FIDELITY NATIONAL
MANAGEMENT SERVICES, LLC

**PROOF OF SERVICE**

I, Cathy Martinez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On April 25, 2012, I served a copy of the within document(s):

**DEFENDANT'S NOTICE OF FILING A PETITION FOR REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1446**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed Overnite Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an Overnite agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Attorneys for Plaintiff:
Norman B. Blumenthal, Esq.
Kyle R. Nordrehaug, Esq.
Aparajit Bhowmik, Esq.
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA 92037
Tel: (858) 551-1223
Fax: (858) 551-1232

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 25, 2012, at Los Angeles, California.

Cathy Martinez