1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   LAURIE BUECHE, an individual,        No.  2:12-CV-1114-JAM-EFB
     on behalf of herself, and on
12   behalf of all persons               **ORDER DENYING MOTION TO COMPEL**
     similarly situated,                 **ARBITRATION**
13
                  Plaintiff,
14
          v.
15
     FIDELITY NATIONAL MANAGEMENT
16   SERVICES, LLC, a Delaware
     limited liability company,
17   and DOES 1 through 50,
     inclusive,
18
                  Defendants.
19

20        This matter is before the Court on Defendant Fidelity

21   National Management Services, LLC's ("Defendant") Motion to

22   Compel Arbitration (Doc. # 15).[1]  Plaintiff Laurie Bueche

23   ("Plaintiff") opposes the motion (Doc. # 16).

24   ///

25   ///

26
     _____
27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   originally scheduled for June 5, 2013.

                                      1

1                           I.    BACKGROUND

2          Plaintiff's first amended class action complaint (Doc. # 1-

3    1, Ex. C) alleges that she was an escrow officer/escrow manager

4    employed by Defendant from April 2000 to July 2011.  Plaintiff

5    alleges on behalf of herself and those similarly situated that

6    she was undercompensated by Defendant because she was unlawfully

7    misclassified as exempt from California's wage and hour laws.

8    Plaintiff's claims are 1) Unlawful Business Practices, Cal. Bus.

9    & Prof. Code § 17200, et seq.; 2) Failure to Pay Overtime

10   Compensation, Cal. Lab. Code §§ 510, 515, 1194, and 1198;

11   3) Failure to Provide Accurate Itemized Wage Statements, Cal.

12   Lab. Code § 226; 4) Failure to Pay Wages When Due, Cal. Lab. Code

13   §§ 201, 202, and 203; and 5) Violation of the Private Attorneys

14   General Act, Cal. Lab. Code § 2698, et seq.  Plaintiff alleges

15   that her claims cover a four year period from February 6, 2008 to

16   February 6, 2012.  Federal subject matter jurisdiction exists

17   because the parties' citizenship is diverse and the amount in

18   controversy exceeds $5,000,000.  28 U.S.C. § 1332(d).

19        This motion is based on the arbitration provision in an

20   employment contract the parties executed on March 5, 2004.  The

21   contract had a two year term, and the employment relationship

22   defaulted to an at-will agreement when the contract terminated.

23   The employment contract guaranteed Plaintiff's employment with a

24   set salary and benefits for two years absent just cause for her

25   termination.  Plaintiff agreed to refrain from competing with

26   Defendant for the two year term.  The parties also agreed, "Any

27   dispute, difference, disagreement or controversy been [*sic*] or

28   among the parties hereto, arising out of or in connection with

                                  2

1   this Contract, shall be referred to a single arbitrator agreed

2   upon by the parties hereto."  Santos Decl. (Doc. # 15-2),

3   Ex. 2 ¶ 9.

4          Defendant argued in its moving papers that the arbitration

5   clause requires that this matter be submitted to binding

6   arbitration and that her representative claims cannot be

7   arbitrated and should therefore be dismissed.  Plaintiff

8   responded in opposition that her claims arise from the California

9   Labor Code, not the employment agreement between the parties, and

10  that they are therefore outside of the scope of the arbitration

11  clause.  Neither party specifically addressed the fact that the

12  contract relied on by Defendant expired in March 2006, but

13  Plaintiff's allegations only cover a period beginning in February

14  2008 and ending in February 2012 when she filed her original

15  complaint.  The contract's temporal clause states:

16          The term of this contract shall be the two (2) year
        period, commencing on March 05, 2004.  Upon expiration
17      of the two (2) year term, employment thereafter with
        the Employer shall be on an "At Will" basis and such
18      employment may be terminated by either party at any
        time within such party's sole discretion, with or
19      without notice and with or without reason or cause
        given.
20

21  Santos Decl. Ex. 2 ¶ 3.  The Court ordered supplemental briefing

22  on the issue of whether the contract's arbitration clause applied

23  to claims arising after the agreement expired (Doc. # 20).  Each

24  party submitted a supplemental brief (Doc. ## 23-24).

25  ///

26  ///

27

28

1                                II.   OPINION

2          A.   Legal Standard

3          The Federal Arbitration Act ("FAA") specifies that

4    arbitration provisions are valid and enforceable, representing "a

5    liberal federal policy favoring arbitration, and the fundamental

6    principle that arbitration is a matter of contract."  AT&T

7    Mobility LLC v. Concepcion, 131 S. Ct. 1740, 14-46 (2011)

8    (quotations and citations omitted).  The FAA applies to

9    employment contracts.  Circuit City Stores, Inc. v. Adams, 532

10   U.S. 105, 119 (2001).  Section 4 of the FAA allows a party to an

11   arbitration agreement to petition a district court for an order

12   directing arbitration.  9 U.S.C. § 4.  It is a basic principle of

13   federal law that a party can only be compelled to arbitrate a

14   dispute if he or she agreed to submit that dispute to

15   arbitration.  AT & T Techs., Inc. v. Commc'ns Workers of Am., 475

16   U.S. 643, 648-49 (1986).  Additionally, an arbitration agreement

17   is enforceable except "upon such grounds as exist at law or in

18   equity for the revocation of any contract."  9 U.S.C. § 2.  An

19   arbitration agreement in an employment contract must therefore be

20   enforced so long as the dispute at issue is within its scope and

21   the savings clause in 9 U.S.C. § 2 does not apply.

22         B.   Discussion

23              1.   Motion to Compel Arbitration

24         The applicability of Plaintiff's employment contract to this

25   dispute must be determined first.  If the contract does not apply

26   to disputes arising after the contract's expiration, Defendant's

27   motion must be denied.

28         Defendant takes the position that Plaintiff's employment

                                       4

1   guarantee may have expired in March 2006, but the arbitration

2   clause along with other aspects of their agreement continued

3   indefinitely.  Defendant argues that the contract's expiration

4   only applied to the just cause termination provision of the

5   contract, but that the remaining contractual terms remained in

6   effect including the amount of Plaintiff's salary, her job

7   duties, her company provided benefits, the incorporation of the

8   employee handbook, the arbitration clause, and her agreement to

9   maintain confidentiality.  Defendant takes the position that the

10  contract continued to govern Plaintiff's employment, with the

11  only material change being that she became an "at-will" employee

12  after the two year term ended.

13       Plaintiff's position is that the contract expired well

14  before the claims in her lawsuit arose, and that Defendant's

15  motion should be denied as a result.  Plaintiff also relies on

16  several cases that deal with arbitration in the context of the

17  National Labor Relations Act ("NLRA").  E.g., Litton Fin.

18  Printing Div., a Div. of Litton Bus. Sys., Inc. v. NLRB, 501 U.S.

19  190 (1991); Winery, Distillery & Allied Workers, Local 186 v.

20  Guild Wineries & Distilleries, 812 F. Supp. 1035 (N.D. Cal.

21  1993).  While such cases may be persuasive on points of general

22  federal law, NLRA jurisprudence is of limited application to

23  Defendant's motion because federal labor law is distinct from the

24  basic state law contract principles at issue here.

25       Defendant's argument that the parties did not intend for the

26  contract to terminate after two years is not credible.  The

27  contract clearly says that Plaintiff's employment would continue

28  on an at-will basis when the agreement expired.  At-will

5

employment is defined as "[a]n employment, having no specified term, [which] may be terminated at the will of either party on notice to the other.  An at-will employment may be ended by either party at any time without cause, for any or no reason, and subject to no procedure except the statutory requirement of notice."  <u>Guz v. Bechtel Nat'l Inc.</u>, 24 Cal. 4th 317, 335 (2000) (quotations omitted).  All guarantees of salary and benefits in the original contract were obviated at the contract's expiration because Defendant was free to change the terms of and conditions of Plaintiff's employment at any time for any or no reason. There is no ambiguity in the contract's express language; the agreement terminated in March 2006 and the parties' relationship continued under the default employment relationship of employment at-will.  <u>See</u> <u>Fremont Indem. Co. v. Fremont Gen. Corp.</u>, 55 Cal. Rptr. 3d 621, 633 (Ct. App. 2007) (explaining that a contract's interpretation is only disputable if the contract is reasonably ambiguous in its terms or shown to be reasonably ambiguous through extrinsic evidence).  Defendant essentially argues that the only material term that survived the contract's expiration was the arbitration portion of the parties' agreement, but there is no basis for that interpretation either in the terms of the contract itself or in any extrinsic evidence before the court.

Defendant next argues that even if the contract did expire after two years, the arbitration agreement continued to apply to Plaintiff's employment.  Defendant explains that arbitration agreements are generally enforceable and they may be extended orally or by implication, citing California Civil Procedure Code § 1280(f).  Defendant takes the position that Plaintiff's

1  continued employment, even though it was under completely

2  different contractual terms, implies that the arbitration

3  agreement continued.

4      To support its position, Defendant first cites Jones v. Deja

5  Vu, Inc., 419 F. Supp. 2d 1146, 1150 (N.D. Cal. 2005).  In Jones,

6  dancers at the defendant employer's club signed contracts

7  agreeing to arbitrate disputes arising from their employment.

8  The Magistrate Judge in Jones held that claims arising from brief

9  periods before the dancers signed the contracts or during

10  intervening periods when the agreements had lapsed were still

11  subject to arbitration.  Id. at 1150 and 1150 n.5.  Jones is

12  distinguishable, however, because there is no indication that the

13  dancers' agreements dictated an at-will employment relationship

14  upon expiration.  With the ongoing relationship undefined, it was

15  reasonable to find an implied continuation of the original

16  agreement.  In contrast, Plaintiff and Defendant in this case

17  expressly agreed that their contract would expire and continue on

18  an at-will basis.

19      Defendant also relies on Ajida Technologies, Inc. v. Roos

20  Instruments, Inc. for the proposition that "a party's contractual

21  duty to arbitrate disputes may survive termination of the

22  agreement giving rise to that duty."  87 Cal.App.4th 534, 545

23  (2001).  In Ajida Technologies, however, the dispute concerned

24  the interpretation of an arbitration award that stemmed from a

25  valid contractual agreement to arbitrate.  The narrow issue

26  decided by the Ajida Technologies court was whether or not the

27  arbitrators exceeded the scope of the original arbitration

28  agreement by extending joint ownership of certain technology for

1   five years past termination of the agreement as well as extending

2   the arbitration and attorneys' fees provision to future disputes

3   related to the arbitration award itself.  Id. at 544-45.  The

4   decision simply determined that the arbitration award arose

5   directly from the original agreement to arbitrate, meaning that

6   the arbitrators did not exceed the scope of their authority in

7   making the award.  Id. at 545.  Ajida Technologies did not

8   analyze a situation such as this one where a dispute unrelated to

9   a contract arose after the contract expired.  Ajida Technologies

10  is therefore not applicable to Plaintiff's claims in the present

11  suit because her claims undisputedly arose two years after the

12  contract containing the arbitration clause expired.

13      The only case cited by the parties that is directly

14  applicable to Defendant's motion to arbitrate is Just Film, Inc.

15  v. Merch. Servs., Inc., No. C 10-1993 CW, 2011 WL 2433044, at *5

16  (N.D. Cal. June 13, 2011).  In that case, the district court

17  analyzed a dispute that arose after a contractual arbitration

18  agreement expired.  The plaintiff in Just Film leased equipment

19  from the defendant under a contract that required her to (1) pay

20  all taxes associated with the property and (2) arbitrate all

21  disputes arising from the agreement.  Id. at *2.  Four years

22  after the plaintiff terminated her lease, the defendant

23  determined that it had under collected the taxes associated with

24  her account and attempted to debit her bank account for $85.50.

25  Id.  Because there was no evidence that the money the defendant

26  attempted to debit was related to the original lease, the

27  district court held that the lease's arbitration provision did

28  not apply.  Id. at *5-6.

1    Like in <u>Just Film</u>, there is no evidence in this case that

2    Plaintiff's claims arise from her expired employment contract.

3    She is not contesting the compensation she received under that

4    contract or claiming that Defendant violated any provision of the

5    contract.  Her claims are limited to the time period after the

6    contract expired when she was an at-will employee.  Her claims

7    therefore do not arise from the expired contract and its

8    arbitration agreement does not apply to her claims.  Since the

9    contract's expiration is dispositive, the Court finds it is not

10   necessary to discuss the additional arguments raised by the

11   parties related to enforceability and interpretation of the

12   arbitration agreement generally.  Defendant's motion to compel

13   arbitration is accordingly denied.

14          2.   <u>Plaintiff's Class and Representative PAGA Claims</u>

15   Defendant also moves for dismissal of Plaintiff's

16   representative claims because they exceed the scope of claims

17   permitted by the arbitration agreement.  Based on the Court's

18   holding that the arbitration agreement does not apply to this

19   suit, the arbitration agreement cannot limit Plaintiff's

20   representative claims.  Defendant's motion to dismiss these

21   claims is denied.

22

23                          III. ORDER

24   For the foregoing reasons, Defendant's Motion to Compel

25   Arbitration and Dismiss Plaintiff's Representative Claims is

26   DENIED.

27   IT IS SO ORDERED.

28   Dated: June 27, 2013

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE