IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAURIE BUECHE, an individual,
on behalf of herself, and all persons
similarly situated,

    Plaintiffs,                                          No. 2:12-cv-1114-JAM-EFB

    vs.

FIDELITY NATIONAL MANAGEMENT
SERVICES, a Delaware limited liability
company; and DOES 1 through 50, inclusive,

    Defendants.                                    ORDER
_____/

       On June 6, 2013, plaintiff Laurie Bueche filed a motion to compel defendant to respond to plaintiff's Interrogatories, Sets One and Four, and plaintiff's Requests for Production of Documents, Set Four. Dckt. No. 21. Plaintiff noticed the motion for hearing for July 3, 2013. *Id.*

       Local Rule 251(a) provides that the Joint Statement Re Discovery Disagreement must be filed at least seven days before the scheduled hearing date. E.D. Cal. L.R. 251(a). That rule also provides that the hearing on a discovery motion may be dropped from the calendar without prejudice if the Joint Statement re Discovery Disagreement is not timely filed. *Id.* A Joint Statement has not been timely filed here.

1

Although the deadline has passed, the docket reveals that no Joint Statement re Discovery Disagreement has been filed in connection with plaintiff's motion to compel. Therefore, that motion, Dckt. No. 21, is denied without prejudice and the July 3, 2013 hearing thereon is vacated. Moreover, it appears from representations made in the parties stipulation filed on June 26, 2013 that they did not intend for the discovery motion to proceed on July 3.[1]

SO ORDERED.

DATED: June 28, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Their stipulation and proposed order requested that the district judge vacate the August 5, 2013 dealing for filing a motion for class certification pending a ruling on defendant's motion to compel arbitration. Dckt. No. 25. Although their stipulation did not specifically mention the July 3 motion to compel discovery, it did acknowledge that a ruling on the motion to compel arbitration would affect the scope of this litigation. As the parties noted, defendant objected to the production of certain categories of information prior to the court's ruling on that motion, and plaintiff may need to file a motion to compel discovery relevant to the motion for class certification after a ruling on the motion to compel arbitration. Thus, judicial resources would be preserved by allowing any discovery motions to be filed after the court rules on the motion to compel arbitration. *Id.*

The stipulation and proposed order was approved on June 27, 2013. Dckt. No. 27. However, on that same date the district judge also denied the motion to compel arbitration. Dckt. No. 26. Nonetheless, the representations in the June 26 filing, along with the parties' failure to file a Joint Statement re Discovery Disagreement, suggest that they do not intend for plaintiff's motion to compel discovery to be heard on July 3 (and that the discovery dispute is not yet ripe for decision since it appears that the basis for at least one of defendant's objections to producing discovery is now moot).