CURTIS A. GRAHAM, Bar No. 215745
cagraham@littler.com
MICHELLE RAPOPORT, Bar No. 247459
mrapoport@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile: 213.443.4299

Attorneys for Defendant
FIDELITY NATIONAL MANAGEMENT
SERVICES, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| LAURIE BUECHE, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL MANAGEMENT SERVICES, LLC., a Delaware limited liability company, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:12-CV-01114-JAM-EFB<br><br>**STIPULATION FOR PROTECTIVE ORDER**<br><br><br>Complaint Filed: February 6, 2012 |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

CASE NO: 2:12-CV-01114-JAM-EFB

Stipulation for Protective Order

SUBJECT TO THE APPROVAL OF THIS COURT, THE PARTIES, THROUGH THEIR RESPECTIVE ATTORNEYS OF RECORD, HEREBY STIPULATE TO THE FOLLOWING PROTECTIVE ORDER REGARDING THE USE OF CONFIDENTIAL INFORMATION ("Protective Order"):

1. Definitions. As used in the Protective Order, "CONFIDENTIAL MATERIAL" shall include any documents, deposition testimony, written responses to discovery, other material produced or disclosed during discovery or trial in this case, or any copies, summaries, derivations or abstracts of such materials which, as is more fully described in Paragraph 6 below, the designating party reasonably and in good faith believes to contain or disclose trade secrets or other confidential or proprietary technical or commercial information that is owned or controlled by or in the possession of the designating party.

2. Exercise of Restraint and Care in Designating Material for Production. Each party or non-party that designates or identifies for production under this Protective Order shall take care to limit any such designation to specific materials that qualifies under the appropriate standards. A designating party shall take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a party's or non-party' s attention that information or items that it designated for protection do not qualify for protection, that party or non-party must promptly notify all other parties and non-parties that it is withdrawing the mistaken designation(s).

3. No Restriction on Lawfully Obtained Information. Nothing in this Protective Order shall preclude any person or entity from disclosing or using, in any manner or for any purpose, any information or document if that information or document is lawfully obtained from a third party under no obligations of

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

CASE NO: 2:12-CV-01114-JAM-EFB       1.       Stipulation for Protective Order

confidentiality with respect thereto and having the right to disclose such information. The restrictions on use and disclosure set forth herein will not apply to information that, prior to being obtained pursuant to pretrial discovery in this action, either is in the possession or knowledge of the party obtaining such information or is demonstrably public knowledge. The restrictions on use and disclosures set forth herein will not apply to information that after being obtained becomes demonstrably public knowledge other than by act or omission by the party obtaining such information.

4. Maintaining Confidentiality of Material. CONFIDENTIAL MATERIAL of a providing party shall not be made public by the receiving party or divulged to anyone other than the persons permitted access as set forth herein. No CONFIDENTIAL MATERIAL shall be reproduced or used except in connection with the above-captioned litigation.

5. Procedure for Designating Material Confidential. A party producing CONFIDENTIAL MATERIAL shall label or mark documents and things deemed to be CONFIDENTIAL MATERIAL with an appropriate legend, such as "CONFIDENTIAL." All information contained in documents produced or disclosed by a party or non-party for inspection only prior to making physical photocopies for production, shall be presumed confidential and subject to the restrictions in this Protective Order unless and until the information is obtained from other non-restricted sources or from document copies supplied by the producing party to which no claim of confidentiality has been made. A party that inadvertently fails to mark an item as CONFIDENTIAL MATERIAL at the time of production may correct its failure in writing accompanied by substitute copies of each item, container or folder, appropriately marked confidential. Within ten (10) calendar days of receipt of the substitute copies, the receiving party shall return, certify the destruction of, or mark as confidential the previously unmarked items, containers or folders and all copies thereof, and shall subsequently treat such items as CONFIDENTIAL MATERIAL

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

CASE NO. 2:12-CV-01114-JAM-EFB    2.    Stipulation for Protective Order

pursuant to this Protective Order. If multiple copies of a document are produced with differing confidentiality designations, the more restrictive designation shall govern. Any party noticing such differing designations shall promptly give notice to the producing party(ies).

6. Permitted Uses of "CONFIDENTIAL" Designation. For purposes of this Stipulated Protective Order, a producing party may designate as "CONFIDENTIAL" any information, document, or thing if the party making such designation reasonably and in good faith believes it to contain or disclose (a) competitive or confidential business information, including, but not limited to, computer code, manuals, and research and development information; (b) sensitive financial information, including, but not limited to, budgets, financial statements and reports, profit and loss summaries, line of credit reports, labor reports, purchasing budgets, financial projections, bank accounts, bank transfers, customer lists, client profiles, vendor lists, accounts receivable and payable reports, sales reports, daily materials analyses, and accountant's computation; (c) sensitive product information, including, but not limited to, specifications and designs; (d) sensitive and confidential personal information; (e) documents and information of a non-party, including confidential personnel information, contact information, and payroll information, and (f) documents protected by the attorney-client privilege and/or attorney work product doctrine.

7. Disclosure of CONFIDENTIAL MATERIAL. CONFIDENTIAL MATERIAL shall be treated by each receiving party as confidential unless and until the Court rules to the contrary or the designating party agrees otherwise. Unless and until the Court rules or the designating party otherwise agrees, access to or disclosure of CONFIDENTIAL MATERIAL shall be limited to the following persons:

(a) the Court and those employed by the Court, in which event such information shall be filed under seal (and kept under seal until further order of the Court);

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

CASE NO. 2:12-CV-01114-JAM-EFB            3.            Stipulation for Protective Order

(b) the outside attorneys of record, and associated attorneys, within the Parties' respective outside law firms, for the party or parties in this litigation to whom such documents are produced, and the employees, or vendors, and contractors of such attorneys;

(c) court reporters and employees of court reporters engaged by counsel to record and transcribe testimony in this litigation and who have signed the Acknowledgment attached hereto as Exhibit A.

(d) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for the litigation and who have signed the Acknowledgment attached hereto as Exhibit A.

(e) experts, consultants, interpreters, translators, and jury consultants who have been retained by a party or counsel of record in this litigation for purposes of assisting in the preparation of this litigation for trial, plus necessary clerical assistants, who have signed the Acknowledgment attached hereto as Exhibit A. Experts and consultants under this Paragraph 7(e) shall exclude former and present employees of the receiving party; and

(f) prior employees of the designating party who were employed by the designating party at the time the CONFIDENTIAL MATERIAL was created and who have had access to such CONFIDENTIAL MATERIAL as evidenced by the material itself in that it is either to, from, or copied to the prior employee. No copies of the CONFIDENTIAL MATERIAL will be given to the prior employees for them to retain.

8. Use of CONFIDENTIAL MATERIAL for Class Discovery. Some material designated as "CONFIDENTIAL," such as putative class member names and contact information, may only be produced or disclosed by the designating party for purposes related to the prosecution of this case as a class action. Such CONFIDENTIAL MATERIAL shall be used only for the purpose of class discovery in this lawsuit, and shall not be used for any other purpose and shall not be

CASE NO. 2:12-CV-01114-JAM-EFB    4.    Stipulation for Protective Order

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

disseminated to any third party, other than the Third Party Administrator, under any circumstances. Unless and until the Court rules to the contrary or the designating party agrees otherwise, any use, disclosure, or access to CONFIDENTIAL MATERIAL related primarily to the prosecution of class allegations shall cease immediately upon the dismissal of class allegations or the denial of class certification, whichever occurs first.

9. Witness' Prior Knowledge of CONFIDENTIAL MATERIAL. Persons who are not designated in Paragraph 7 may be examined as witnesses at depositions, hearings, and trial concerning all CONFIDENTIAL MATERIAL, and the information contained therein of which such person has knowledge. In addition:

(a) A present employee of a party may be examined concerning all CONFIDENTIAL MATERIAL produced by that party;

(b) A former employee of a party may be examined concerning all CONFIDENTIAL MATERIAL produced by that party which pertains to the period or periods of his employment and prior thereto;

(c) A present or former consultant to a party may be examined concerning a CONFIDENTIAL MATERIAL produced by that party which pertains to the subject matter of his consultation and any other communication with that party; and,

(d) Non-parties who had any contact or relationship with a party, or a representative of such party, may be examined concerning any item of CONFIDENTIAL MATERIAL that appears on its face, or from other documents or testimony, to have been received by or communicated to the non-party.

10. Designation During Discovery. Any party may designate its responses to discovery, including responses to requests for production, responses to interrogatories, responses to requests for admission, and depositions, as CONFIDENTIAL MATERIAL. To designate written responses to discovery requests as CONFIDENTIAL MATERIAL, the responding party shall place a legend, as described in Paragraph 5, on the caption page of the responses.

CASE NO. 2:12-CV-01114-JAM-EFB     5.     Stipulation for Protective Order

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

11.     Designation During Deposition.  In the case of depositions, if counsel for a party believes that a portion or all of the deposition constitutes CONFIDENTIAL MATERIAL, counsel shall so state on the record and shall request that the specific pages which include such CONFIDENTIAL MATERIAL be included in a separate sealed portion of the transcript. The reporter shall be instructed to include on the cover page of each sealed portion the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."

12.     Inadvertent Failure to Designate Portions of Deposition Transcript "CONFIDENTIAL."  When testimony designated as CONFIDENTIAL MATERIAL is elicited during a deposition, persons not entitled to receive such information under the terms of this Protective Order shall be excluded from the deposition. Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as CONFIDENTIAL MATERIAL, on the record at the deposition shall have twenty (20) days, following mailing of the transcript by the court reporter, in which to do so. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portions of the transcript that constitute CONFIDENTIAL MATERIAL, and directing the reporter to place the same under seal as provided in this Paragraph 12. Until expiration of the aforesaid twenty (20) day period, all deposition transcripts shall be considered and treated as protected CONFIDENTIAL MATERIAL, unless otherwise agreed on the record at the deposition.

13.     No Waiver of Attorney-Client Privilege or Attorney Work-Product Doctrine.  Nothing in this Protective Order shall require disclosure of material that counsel for a party contends is protected from disclosure by the attorney-client privilege or the attorney work product doctrine. This Protective Order shall not preclude any party from moving the Court for an order directing the disclosure of such material.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

CASE NO. 2:12-CV-01114-JAM-EFB        6.        Stipulation for Protective Order

14. **Inadvertent Disclosure of Privileged Information.** If any party inadvertently produces in discovery any information subject to attorney-client privilege, work product doctrine or any other privilege, protection, or immunity, of which the producing party, prior to producing such information, exercised reasonable care and diligence to prevent such production, the producing party may (promptly upon learning of such production) notify the receiving party(ies) of such production and seek the return and/or destruction of such information as set forth below. Upon such notification: the receiving party(ies) shall promptly return to the producing party all such information (including, without limitation, all originals and copies of any documents containing or comprising such information); the information (including, without limitation, all originals and copies of any documents containing or comprising such information) shall continue to privilege, protected, and/or immune; and no use shall be made of such information (including, without limitation, all originals and copies of any documents containing or comprising such information) by the receiving party(ies), nor shall it be disclosed to anyone by the receiving party(ies). The receiving party(ies) shall promptly provide to the producing person a written certification of the complete return of such information (including, without limitation, all originals and copies of any documents containing or comprising such information), provided that, to the extent any receiving party has incorporated any such information in its own work product, it may (instead of providing such work product to the producing party) destroy such information incorporated in that work product and promptly certify to such distinction. Nothing herein, however, shall preclude the receiving part(ies) from subsequently challenging that such materials are privileged, or that any such privilege has not been waived.

15. **No Waiver of Other Objections.** Nothing in this Protective Order shall be construed as a waiver of the right of any party to object to the taking or the admissibility of any testimony or other evidence where such objection is based on a ground or grounds other than that the testimony or evidence involves

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

CASE NO. 2:12-CV-01114-JAM-EFB   7.   Stipulation for Protective Order

CONFIDENTIAL MATERIAL.

16. **Procedure to Challenge Designation.** The acceptance by a party of CONFIDENTIAL MATERIAL shall not constitute an admission or concession or permit an inference that the CONFIDENTIAL MATERIAL is, in fact, confidential or trade-secret in any way. This Protective Order shall not foreclose a party from moving for an order challenging the status of any CONFIDENTIAL MATERIAL. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to promptly challenge such original designation when made. Before so moving, counsel for a party desiring to challenge the status of material so designated must provide the designating party with ten (10) business days' notice thereof and, must, within that ten (10) business day period, meet and confer with the designating party, as to the confidential status of the subject material. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first. In connection with any challenge motion, the party asserting confidentiality will bear the burden of persuasion to show that the challenged material is, in fact, within the scope of protection afforded by the relevant law and this Protective Order.

17. **Further Relief.** This Protective Order shall not prevent a party from applying to the Court for relief from such Protective Order, or from applying to the Court for further or additional protective orders.

18. **No Prejudice.** Nothing contained in this Protective Order will prejudice the right of any party to use CONFIDENTIAL MATERIAL at any hearing or at trial in this action, including briefing, providing that such use will be made only under conditions that preserve the confidentiality of such information.

19. **Protected Material Subpoenaed or Ordered Produced in Other Litigation.** If a party is served with a subpoena or an order issued in another litigation that would

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

CASE NO. 2:12-CV-01114-JAM-EFB    8.    Stipulation for Protective Order

compel disclosure of any information or items designated under this Protective Order as "CONFIDENTIAL," such party must so notify the designating party in writing immediately (by facsimile or e-mail, if possible) and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The party that received the subpoena or order also must immediately inform in writing the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the party that received the subpoena or order must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging any party in this action to disobey a lawful directive from another court.

20.  Inadvertent Disclosure of CONFIDENTIAL MATERIAL.  If a party learns that by inadvertence or otherwise, it has disclosed CONFIDENTIAL MATERIAL to any person or in any circumstance not authorized under this Protective Order, such party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the CONFIDENTIAL MATERIAL, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Protective Order, and (d) request such person or persons to execute the Acknowledgment attached hereto as Exhibit A.

21.  Protective Order Survives Conclusion of Litigation.  The restrictions on use of CONFIDENTIAL MATERIAL set forth in this Protective Order shall survive

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

CASE NO. 2:12-CV-01114-JAM-EFB        9.        Stipulation for Protective Order

the conclusion of this litigation and, after conclusion of this litigation, the Court shall exercise limited jurisdiction for the purpose of enforcing this Protective Order.

22. Return of Designated Materials.  After the final termination of this action and upon the request of the producing party, counsel for the receiving party shall within sixty (60) calendar days of the final termination return all copies of CONFIDENTIAL MATERIAL to counsel for the designating party, or shall, at the option of the designating party, destroy such CONFIDENTIAL MATERIAL and certify the destruction to counsel for the designating party. Nevertheless, counsel of record may retain their file copies of all court filings, official transcripts, and exhibits provided that counsel continues to treat all CONFIDENTIAL MATERIAL in the manner provided in the Protective Order.

23. Jurisdiction. This Court shall keep jurisdiction over the case after dismissal, with or without prejudice, final judgment, or other termination exclusively to administer and enforce this Protective Order.

Dated:  April 29, 2014          LITTLER MENDELSON, P.C.


By: /s/ Curtis A. Graham
    CURTIS A. GRAHAM
    MICHELLE RAPOPORT
    Attorneys for Defendant

/////
/////
/////
/////
/////
/////
/////

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

CASE NO. 2:12-CV-01114-JAM-EFB          10.          Stipulation for Protective Order

Dated: April 29, 2014

BLUMENTHAL, NORDREHAUG & BHOWMIK

By: /s/ Piya Mukherjee (as authorized on 4/24/14)
    APARAJIT BHOWMIK
    PIYA MUKHERJEE
    Attorneys for Plaintiffs

So Ordered.

DATED:  May 6, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

CASE NO. 2:12-CV-01114-JAM-EFB   11.   Stipulation for Protective Order

## **EXHIBIT "A"**

I, _____ (please print first and last name, and title), have received a copy of the Stipulation for Protective Order entered in the case entitled *Laurie Bueche, et al. v. Fidelity National Management Services, LLC,* United States District Court, Eastern District of California, Case No. 12-CV-01114 JAM (EFB) (the "Litigation").  I have carefully read and understand the provisions of the Stipulation for Protective Order.  I agree and will comply with all provisions of the Stipulation for Protective Order and will use any CONFIDENTIAL MATERIAL only for purposes of the Litigation.  At the end of this case or my involvement in this case, whichever occurs first, I will either destroy or return to counsel for the party by whom I am employed or retained all such CONFIDENTIAL MATERIAL that comes into my custody, control or possession.

Dated: _____, 2014       _____

By:_____

Firmwide:126726012.1 078508.1004

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

CASE NO. 2:12-CV-01114-JAM-EFB       12.       Stipulation for Protective Order