FILED

MAY 3 0 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BY _____
                        DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE BUECHE and KELLY COLLIER, individually, on behalf of themselves, and on behalf of all persons similarly situated, | No.  2:12-cv-01114 JAM EFB |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT** |
| v. | |
| FIDELITY NATIONAL MANAGEMENT SERVICES, LLC, a Delaware Limited Liability Company, and DOES 1 through 50, inclusive, | |
| Defendant. | |

This matter is before the Court on Plaintiffs Laurie Bueche and Kelly Collier's ("Plaintiffs") Motion for Leave to File a Third Amended Complaint (Doc. #44).  Defendant Fidelity National Management Services, LLC ("Defendant") opposes the motion (Doc. #53) and Plaintiff filed a reply (Doc. #55).  For the following reasons, Plaintiffs' motion is DENIED.[1]

_____

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 21, 2014.

1

1          I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND
2          Defendant is a Delaware limited liability company with its
3    principal place of business located in Jacksonville, Florida.
4    Second Amended Complaint ("SAC") ¶ 1.  Plaintiffs are two
5    individuals who were employed by Defendant and were classified as
6    salaried employees exempt from overtime pay and other related
7    benefits.  SAC ¶¶ 5-6.  Plaintiffs allege that they were
8    "managers in name only because they did not have managerial
9    duties or authority and should therefore have been properly
10   classified as non-exempt employees."  SAC ¶ 9.
11         On February 6, 2012, Plaintiff Bueche filed the original
12   complaint on behalf of herself and a class of "persons with the
13   job title 'Escrow Officer/Escrow Manager.'"  Doc. #1, ¶¶ 4, 9.
14   Defendant subsequently filed a motion to compel arbitration on
15   April 11, 2013, based on the arbitration agreement Plaintiff
16   Bueche had signed while employed by Defendant.  Opp. at 2.  This
17   motion was denied on June 28, 2013 (Doc. #26) and Defendant filed
18   a Notice of Appeal on July 22, 2013 (Doc. #29).
19         Thereafter, Plaintiff Collier filed a similar lawsuit in
20   Orange County Superior Court.  Opp. at 2.  Plaintiff Collier had
21   not signed an arbitration agreement, and the parties agreed to
22   combine the two lawsuits in the interests of judicial economy.
23   Id.  Specifically, Defendant agreed to withdraw its appeal of the
24   denial of its motion to compel arbitration and did not object to
25   the filing of the SAC, which included Plaintiff Collier as a
26   class representative.  Opp. at 3.  In an email to Defendant's
27   counsel, Plaintiffs' counsel made the representation that the
28   "new class action . . . [had been filed] on behalf of the same

                                    2

1   Escrow Officer/Escrow Manager class as is alleged in Bueche."

2   Graham Declaration (Doc. #53), Ex. A.

3        On December 16, 2013, Plaintiffs filed the SAC (Doc. #38) in

4   this Court.  The SAC includes the following causes of action:

5   (1) unfair competition in violation of the Cal. Bus. & Prof.

6   Code; (2) failure to pay overtime compensation in violation of

7   the Cal. Lab Code; (3) failure to provide accurate itemized

8   statements in violation of the Cal. Lab. Code; (4) failure to

9   provide wages when due in violation of the Cal. Lab. Code; and

10  (5) violation of the Private Attorneys General Act.

11       Plaintiff now moves for leave to file a Third Amended

12  Complaint (TAC).  The only significant difference between the SAC

13  and the TAC is that Plaintiff now seeks to redefine the Plaintiff

14  class as "persons with the job titles 'Branch Manager,' 'Escrow

15  Officer,' 'E. Officer Escrow,' 'Escrow E.,' and 'E. Manager

16  Escrow.'"  TAC ¶ 4.

17

18                      II.   OPINION

19       A.   Legal Standard

20       Rule 15(a)(2) of the Federal Rules of Civil Procedure

21  ("FRCP") provides that "a party may amend its pleading . . . with

22  . . . the court's leave."  Rule 15 further instructs that "[t]he

23  court should freely give leave when justice so requires."  Leave

24  to amend "lies within the sound discretion of the trial court"

25  and "[t]he denial of a motion to amend is reviewed for abuse of

26  discretion."  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185-

27  86 (9th Cir. 1987).  The Ninth Circuit has noted that "Rule 15's

28  policy of favoring amendments to pleadings should be applied with

                              3

1  extreme liberality." United States v. Webb, 655 F.2d 977, 979

2  (9th Cir. 1981).  However, a motion for leave to amend may be

3  denied if the court perceives "bad faith, undue delay, prejudice

4  to the opposing party, [or] futility of amendment." DCD

5  Programs, 833 F.2d at 186.  Moreover, "[f]utility of amendment

6  can, by itself, justify the denial of a motion for leave to

7  amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

8      B.   Analysis

9      Plaintiffs argue that granting leave to amend will not

10  result in prejudice to Defendant because "the amendment does not

11  change the gravamen of the action[.]" Mot. at 6.  Defendant

12  argues that significant prejudice would result if the Court

13  granted Plaintiffs' motion.  Opp. at 8.  Defendant contends that,

14  when it agreed to dismiss its appeal in Ms. Bueche's case, it

15  relied upon counsel's representation that the joinder of Ms.

16  Collier would not expand the Plaintiff class in any way.  Opp. at

17  3.  Defendant maintains that "Plaintiff's counsel expressly

18  affirmed that the presence of Plaintiff Collier would not change

19  the Bueche case because (according to Plaintiff's counsel)

20  Collier had the same position and job title as Bueche." Opp. at

21  3.  Under these circumstances, Defendant concludes that it would

22  "not get the benefit of its bargain" if Plaintiffs are granted

23  leave to amend.  Opp. at 8.

24      Both parties appear to assume that the definition of the

25  Plaintiff class alleged in the complaint is ultimately binding on

26  the Court.  This is an inaccurate assumption.  The Ninth Circuit

27  has noted that "the district court may redefine the class."

28  Armstrong v. Davis, 275 F.3d 849, 872 (9th Cir. 2001).  The Court

1   is "not bound by the class definition proposed in the complaint."

2   Robidoux v. Celani, 987 F.2d 931, 937 (2d Cir. 1993).   Rather,

3   the Court may "modify the definition of a proposed class" at a

4   later stage, namely the Rule 23 class certification hearing.

5   Jackson v. Nat'l Action Fin. Servs., Inc., 227 F.R.D. 284, 286

6   (N.D. Ill. 2005).   Accordingly, Plaintiffs' proposed amendment

7   does not have the final import ascribed to it by either party.

8        In Haley v. Talentwise, a district court within the Ninth

9   Circuit considered a request "for leave to file a second amended

10  complaint in order to refine the class definition at issue[.]"

11  Haley v. TalentWise, Inc., 2014 WL 1304007 (W.D. Wash. Apr. 2,

12  2014).   The court first noted that it "may deny a motion to amend

13  a complaint if doing so would be futile."   Haley, 2014 WL 1304007

14  at *6 (citing U.S. ex rel. Lee v. SmithKline Beecham, Inc., 245

15  F.3d 1048, 1502 (9th Cir.2001)).   The court then determined that

16  "[g]ranting leave to amend would be futile as this Court . . .

17  will decide class definitions at a later time."   Haley, 2014 WL

18  1304007 at *6.   Accordingly, the Court denied the motion to

19  amend.

20       Similarly, the Court denies Plaintiffs' motion to amend the

21  SAC, as it would be futile to do so.   Just as in Haley, the Court

22  will rule on class definitions at the time of the Rule 23 class

23  certification hearing.   Haley, at *6.   The Court acknowledges

24  Plaintiffs' argument that the "Escrow Officer/Escrow Manager"

25  position does not exist, but notes it is "not bound by the class

26  definition proposed in the complaint."   Robidoux, 987 F.2d at

27  937.   As long as the SAC has provided adequate notice to

28  Defendant, any mismatch between the class definition in the SAC

1   and the actual job titles of Plaintiffs (as revealed in

2   discovery) can be corrected at the Rule 23 class certification

3   hearing.

4       Plaintiffs' reliance on Berlowitz is not persuasive.  Reply

5   at 1 (citing Berlowitz v. Nob Hill Masonic Mgmt., 1996 WL 724776

6   (N.D. Cal. Dec. 6, 1996)).  In Berlowitz, the district court held

7   that plaintiffs could not significantly expand the class from

8   that defined in the complaint, without first amending the

9   complaint.  Berlowitz, 1996 WL 724776, at *2.  Specifically, the

10   court held that the plaintiff class could not include *attendants*

11   for persons with mobility disabilities, where the complaint only

12   defined the class as persons with mobility disabilities.  Id. at

13   *2.  Berlowitz included language that the court was "bound by the

14   definition provided in the complaint."  Id. at *2.  At most,

15   Berlowitz merely exemplifies the split among district courts

16   "over whether to hold a plaintiff to the definition of a class as

17   set forth in the complaint."  Grodzitsky v. Am. Honda Motor Co.

18   Inc., 2014 WL 718431, at *4 (C.D. Cal. Feb. 19, 2014).  The Ninth

19   Circuit has not directly addressed this issue, and the Court is

20   not bound by the holding of another district court.  See

21   Grodzitsky, 2014 WL 718431, at *4 (noting that the "Ninth Circuit

22   has not addressed the scope of the Court's discretion to modify a

23   class definition at the certification stage").  Moreover,

24   Berlowitz is readily distinguishable from the case at bar.  In

25   the present case, any change made by the Court to the class

26   definition would be minor, merely clarifying the job titles held

27   by class members in identical positions as Plaintiff Bueche and

28   Plaintiff Collier.  This minor modification can be performed by

1   the Court at the Rule 23 class certification hearing.   <u>Jackson v.</u>

2   <u>Nat'l Action Fin. Servs., Inc.</u>, 227 F.R.D. at 286.

3        As the Court denies the motion to amend on futility grounds,

4   it need not consider whether Plaintiffs' motion was made in bad

5   faith or would cause undue delay.   Moreover, the Court briefly

6   notes that Defendant's argument that it would suffer prejudice

7   from the expansion of the class is premised on the mistaken

8   notion that the class definition in the complaint is binding on

9   the Court and the parties.   <u>See Robidoux</u>, 987 F.2d at 937.   Thus,

10  any representation by Plaintiffs' counsel that the addition of

11  Plaintiff Collier would not expand the class definition in the

12  SAC is largely immaterial.

13

14                        III.   ORDER

15       For the reasons set forth above, the Court DENIES

16  Plaintiffs' Motion for Leave to Amend:

17       IT IS SO ORDERED.

18  Dated: May 30, 2014

19

20                                    JOHN A. MENDEZ,
                                      UNITED STATES DISTRICT JUDGE
21

22

23

24

25

26

27

28

                                  7