1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10        EASTERN DISTRICT OF CALIFORNIA

11            SACRAMENTO DIVISION

12

13  LAURIE BUECHE and KELLY          Case No.  2:12-CV-01114-JAM-EFB
    COLLIER, as individuals, on behalf
14  of themselves, and on behalf of all   **PLAINTIFFS' [~~PROPOSED~~] ORDER
    persons similarly situated,           GRANTING PLAINTIFFS' MOTION
15                                         TO COMPEL RESPONSES TO
                    Plaintiffs,            DISCOVERY**
16
    v.
17                                         Hearing Date:    July 9, 2014
    FIDELITY NATIONAL               Hearing Time:    10:00 a.m.
18  MANAGEMENT SERVICES,            Courtroom:       8, 13th Floor
    LLC., a Delaware limited liability
19  company, and DOES 1 through 50,
    inclusive,                             Magistrate Judge:
20                                         Hon. Edmund F. Brennan
                    Defendants.
21                                         Complaint Filed:  February 6, 2012

22

23

24

25

26

27

28

On July 9, 2014 at 10:00 a.m., this matter came before hearing in Courtroom 8 before the Honorable Edmund F. Brennan of the above entitled Court, with Piya Mukherjee appearing on behalf of Plaintiffs and Curtis Graham appearing on behalf of Defendant.

In accordance with Plaintiffs' Motion to Compel Responses to Discovery, [Doc. No. 64], IT IS HEREBY ORDERED that Defendant shall respond to Plaintiffs' Interrogatory 1, Set One by Kelly Collier, by serving a supplemental response which states the total number of Escrow Officers who at any time during the relevant time period were classified as exempt from the payment of overtime and Interrogatory No. 2, Set One by Kelly Collier, by producing contact information for the putative class members, as defined therein, to a Third Party Administrator, in accordance with the following:

1.      Plaintiffs have selected Gilardi & Co., LLC as a Third Party Administrator for use in this matter.

2.      Defendant shall produce to the Third Party Administrator the names, last-known address, last-known telephone number, last-known personal email address, if any, dates of employment, rate(s) of pay for each pay period, and job title(s) held during each pay period of the Escrow Officers who at any time during the relevant time period were classified as exempt, by July 23, 2014.[1]

3.      Within two (2) business days of receipt of the putative class member contact information, the Third Party Administrator shall mail to each member the "Belaire West" disclosure opt-out notice along with a postcard for return by putative class members who do not wish to have their names, contact information, and

---

[1]  Plaintiffs' proposed order requested that defendant provide the contact information for Escrow Officers by July 18, 2014.  ECF No. 66 ¶ 2.  Defendant has filed objections, arguing that it needs at least 14 to 21 days to gather the required information.  ECF No. 67.  As the court granted plaintiffs' motion to compel at the July 9, 2014 hearing, defendant will have until July 23, 2014 to provide plaintiff with the contact information for Escrow Officers.

additional employment information, provided to Plaintiffs' counsel, at the sole cost of Plaintiffs.

4.     Each Escrow Officer shall have fourteen (14) days from the date of mailing of the "Belaire West" disclosure opt-out notice to return the postcard opting out of the disclosure of the member's name and contact information.  The postmark on the correspondence sent by the Escrow Officer shall be considered the return date for this opt-out period.

5.     Within three (3) days after the 14-day opt-out period has concluded, the Third Party Administrator shall compile a list of putative class members who did not opt out of the disclosure, and provide that list to Plaintiffs' counsel.

6.     The putative class member names and contact information produced in accordance with this Order shall be used only for the purpose of class discovery in this lawsuit, and shall not be used for any other purpose and shall not be disseminated to any third party, other than the Third Party Administrator, under any circumstances.

7.     To the extent Plaintiffs' counsel makes contact with any putative class member following the production of information provided according to this Order, Plaintiffs' counsel shall advise the putative class member that he or she has the right not to talk to counsel and that if that right is exercised, counsel will immediately terminate the contact and not re-contact the individual.

8.     Defendant will serve a supplemental response to Interrogatory No. 1 stating the total number of employees working at anytime as an exempt Escrow Officer during the periods of February 6, 2008 until the present by July 21, 2014.

9.     Defendant will produce all "Bulletins" provided to the exempt Branch Managers and/or exempt Escrow Officers during the period of February 6, 2008 until the present by July 21, 2014.  The documents can be designated as "Confidential" pursuant to the Protective Order entered into by the Parties on May 6, 2014, [Doc. No. 52].

10.     Defendant shall, by July 14, 2014, designate in writing Defendant's 30(b)(6) witness(es) qualified to testify regarding all of the topics set forth in Plaintiffs' Fifth Amended Notice of Deposition of Defendant.

11.     No later than July 21, 2014, Defendant shall propose a reasonable schedule for the efficient completion of the 30(b)(6) deposition to Plaintiffs and file the proposed schedule with the Court for review.  The schedule will in good faith try to schedule all of the depositions preferably by August 1, 2014 based on Plaintiffs' August 15, 2014 deadline to file the motion for class certification.

IT IS SO ORDERED.

Dated:  July 15, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE