1

2

3

4

5

6

7

8

9

10

11

12

13

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

14 | LAURIE BUECHE and KELLY | 2:12-cv-1114 JAM EFB
COLLIER, individually, on behalf of
themselves, and all persons similarly
situated,

15 | [PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

16 | Plaintiffs,

17 | v. | Hearing Date:   August 19, 2015
Time:                 9:30 a.m.

18 | FIDELITY NATIONAL
MANAGEMENT SERVICES, LLC, a
Delaware limited liability company, and
DOES 1 through 50, inclusive, | Courtroom:      6, Sacramento
Judge:              Hon. John A. Mendez

19

20

21 | Defendants.

22

Plaintiffs' Motion for an order granting preliminary approval of the class

23

settlement in the above-captioned action, approving the manner and content of notice to

24

the class, and setting a final approval hearing, came on for hearing in Courtroom Six of

25

this Court on August 19, 2015.

26

Having reviewed the Class Action Settlement Agreement (the "Agreement"), the

27

motion for preliminary approval, as well as the points and authorities and declaration filed

28

1

1    in support thereof, this Court preliminarily finds that: the proposed settlement appears fair,

2    reasonable, and adequate, and falls within the range of possible approval meriting

3    submission to potential class members; notice of the proposed settlement should be sent to

4    the Plaintiff Class in the manner described in the Agreement; and a hearing should be held

5    after said notices are issued to finally determine if the Agreement and settlement are fair,

6    reasonable, and adequate, to the settlement classes and if an order granting final approval

7    should be entered in this action based upon the terms of the Agreement.

8         **IT IS THEREFORE ORDERED THAT:**

9        1.    **Defined Terms.**  This Order incorporates by reference the parties'

10   Agreement, on file with this Court, and all defined terms herein shall have the same

11   meaning as set forth in the Agreement.

12       2.    **Class Action.**  This action is provisionally certified for class treatment for

13   settlement purposes only and pursuant to the parties' Settlement Agreement, with the

14   Class defined as the following:

15           All exempt escrow officers / escrow managers employed by Defendant in

16           California during the period of February 6, 2008 through the date of preliminary

17           approval of the parties' settlement or October 31, 2015, whichever is earlier.

18       3.    **Proposed Settlement.**  The Court grants preliminary approval to the terms

19   set forth in the Agreement between the parties.  The proposed settlement is the product of

20   extensive and costly investigation by both parties, and that settlement at this time avoids

21   additional substantial costs and delay and risk presented by further prosecution of this

22   action.  The Court finds that the proposed settlement is the product of informed, non-

23   collusive, and arm's-length negotiations.   The proposed settlement appears, upon

24   preliminary review, to be within the range of reasonableness and accordingly shall be

25   submitted to the Plaintiff Class Members for their consideration and for a hearing to

26   determine whether the settlement shall be finally approved by the Court.

27       4.    **Appointment of Class Counsel.**  Norman Blumenthal and Kyle

28   Nordrehaug, of Blumenthal, Nordrehaug & Bhowmik, are appointed Class Counsel for

1  settlement purposes.

2       5.       **Approval of Class Representative.**  Plaintiffs Laurie Bueche and Kelly

3  Collier are approved as adequate representatives of the Plaintiff Class for purposes of

4  settlement.

5       6.       **Notice.**  The Court finds that the mailing of the Notice and related materials

6  substantially in the manner and form as set forth in the Agreement and this Order meet the

7  requirements of due process, is the best notice practicable under the circumstances, and

8  shall constitute due and sufficient notice to all persons entitled thereto.  Accordingly,

9  within fourteen (14) calendar days of execution of the Court's order granting preliminary

10  approval, Defendant will provide the names, last known telephone numbers and addresses,

11  social security numbers and dates of employment ("Class List") for members of the

12  Plaintiff Class to the Administrator, and within fourteen (14) calendar days thereafter the

13  Administrator shall cause the Notice to be mailed to the members of the Plaintiff Class to

14  their last known address in accordance with the Agreement.  The Claims Administrator

15  shall make such further efforts as are possible and reasonable (if any), to provide an

16  applicable Notice to each member of the Plaintiff Class whose original Notice is returned

17  as undeliverable.

18       7.       **Exclusions/"Opt Outs."**  Plaintiff Class Members may exclude themselves

19  from the Plaintiff Class by mailing the Claims Administrator a signed and dated request

20  for exclusion in accordance with the instructions in the Notice.  To be timely, all such

21  requests for exclusion or opt-outs must be postmarked no later than forty five calendar

22  days from the initial Notice mailing by the Administrator.

23       8.       **Claims.**  Plaintiff Class Members who wish to be paid their allocation of the

24  settlement fund must submit a signed W4 form to the Administrator, postmarked no later

25  than sixty (60) days from the date of mailing of the Notices.  Class Members who do not

26  file a valid W4 form shall not share in the distribution of the Net Settlement Amount, but

27  nevertheless shall be bound by the release of claims set out in the Agreement, assuming

28  the Court grants Final Approval.

1    9.    **Objections.**  Plaintiff Class Members who wish to object to the Settlement

2    must file with the Court and serve on Plaintiffs' Counsel and Defendant's counsel a

3    written statement objecting to the Settlement.  The written statement must be filed with

4    the Court and served on Plaintiffs' Counsel and Defendant's counsel no later than 30 days

5    after the date the Notice is first mailed (the "Objection Deadline Date").  No member of

6    the Plaintiff Class shall be entitled to be heard at the Final Approval Hearing (whether

7    individually or through separate counsel) or to object to the Settlement, and no written

8    objections or briefs submitted by any member of the Plaintiff Class shall be received or

9    considered by the Court at the Final Approval Hearing, unless written notice of the

10   Plaintiff Class member's intention to appear at the Final Approval Hearing, and copies of

11   any written objections or briefs, shall have been filed with the Court and served on

12   Plaintiffs' Counsel and Defendant's counsel on or before the Objection Deadline Date.

13   Members of the Plaintiff Class who fail to file and serve timely written objections in the

14   manner specified above shall be deemed to have waived any objections and shall be

15   foreclosed from making any objection (whether by appeal or otherwise) to the Settlement,

16   or any aspect of the Settlement.

17   10.    **Settlement Administration.**  The parties shall retain the services of Gilardi

18   & Co., LLC for the administration of this settlement, and said entity is hereby appointed

19   Claims Administrator.  The Claims Administrator's fees and costs shall be capped at

20   eleven thousand dollars and no cents ($11,000.00).

21   11.    **Final Hearing.**    A final hearing shall be held at ~~January 26, 2016~~ on 2 ~~t~~ 30

22   ~~_____~~ in Courtroom 6 of the United States District Court, Eastern 1 PM

23   District, before Honorable John A. Mendez to evaluate whether the Court should grant

24   final approval of the settlement, which includes the following considerations:

25          a)    Objections to the proposed settlement by Class Members will be

26                considered by the Court if mailed to the Claims Administrator with a

27                postmark of no later than sixty (60) days from the date the Notice is

28                first mailed.

4

     b)     Class Counsel and counsel for Defendant will be prepared at the hearing to respond to any objections timely filed by the Class Members and to provide other information, as appropriate, bearing on whether or not the settlement should be approved.

     c)     Pursuant to the Agreement, Class Counsel's application for fees and costs, as well as the application for enhancement awards, shall be scheduled for determination at the Final Approval Hearing.

12.    **Failure of Settlement**.  In the event the proposed settlement as provided in the Agreement is not approved by the Court, or for any reason the parties fail to obtain a final approval order as contemplated in the Agreement, or the Agreement is terminated or voided pursuant to its terms, the Agreement and all orders in connection therewith, shall become null and void and of no further force or effect, and shall not be used or referred to for any purpose whatsoever.  In such event, the Agreement, and all negotiations and proceedings relating thereto shall be withdrawn without prejudice as to the rights of any and all parties thereto.

**IT IS SO ORDERED.**

DATED: _August 19, 2015_ _____

              HON. JOHN A. MENDEZ
              UNITED STATES DISTRICT COURT