**FILED**

JAN 2 6 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE BUECHE and KELLY COLLIER, individually, on behalf of themselves, and all persons similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL MANAGEMENT SERVICES, LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. **2:12-CV-01114-JAM-EFB**<br><br>[~~PROPOSED~~] ORDER (1) CONFIRMING CERTIFICATION OF CLASS ACTION FOR SETTLEMENT PURPOSES; (2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT<br><br>Hearing Date:　January 26, 2016<br>Time:　　　　　1:30 p.m.<br>Courtroom:　　6, Sacramento<br>Judge:　　　　Hon. John A. Mendez |

　　　This matter came on for hearing upon the Court's Order of August 20, 2015 [Doc. No. 79] (the "Preliminary Approval Order") and following the Plaintiffs' unopposed motion for final approval of the settlement in this action. Due and adequate notice having been given to the Class (as defined below), and the Court

1

1  having considered all papers filed and proceedings had herein and all oral and
2  written comments received regarding the proposed settlement, and having reviewed
3  the record in the above captioned matter, and good cause appearing,
4      IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS
5  FOLLOWS:
6      1.   The Court has jurisdiction over the subject matter of the above-
7  captioned action (the "Action"), the Plaintiffs, Defendant Fidelity National
8  Management Services, LLC ("Defendant" or "Fidelity") and all members of the
9  Class, which consists of all exempt escrow officers / escrow managers employed by
10 Defendant in California during the period of February 6, 2008 through the date of
11 preliminary approval of the parties' settlement or October 31, 2015, whichever is
12 earlier (collectively the "Class" or "Class Members").
13     2.   All terms herein shall have the same meaning as terms defined in the
14 Class Action Settlement Agreement (the "Agreement"), unless specifically
15 provided otherwise herein.
16     3.   The Court grants final approval of the parties' Settlement on the terms
17 set forth in the Agreement.
18     4.   The Court finds that the distribution by first-class mail of the Notice of
19 Settlement ("Notice") constituted the best notice practicable under the
20 circumstances to all persons within the definition of the Class and fully met the
21 requirements of due process under the United States Constitution and applicable
22 state law.  Based on evidence and other material submitted in conjunction with this
23 hearing, the actual notice to the Class was adequate.  These papers informed Class
24 Members of the terms of the Settlement, their right to a share of the Settlement
25 Payment, their right to object to the Settlement, their right to elect not to participate
26 in the Settlement and pursue their own remedies, and their right to appear in person
27 or by counsel at the Final Approval Hearing and to be heard regarding approval of
28 the Settlement.  Adequate periods of time were provided by each of these

procedures, as set forth in the Court's preliminary approval order and the Agreement. No Class Members objected to the Settlement, and only a small number of individuals opted out of the Settlement.

5. The Court finds, for settlement purposes only, that the Class satisfies the applicable standards for certification under Federal Rules 23(a) and 23(b)(3). Accordingly, solely for purposes of effectuating this Settlement, this Court has certified a class of all Class Members, as that term is defined above. Because the Rule 23 class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

6. The Court approves the Settlement of the Action, and each of the releases and other terms set forth in the Agreement, as fair, just, reasonable and adequate as to the Class, the Plaintiffs, and Defendant. The parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Agreement.

7. Except as to any individual claim of those persons who have validly and timely requested exclusion from the Class, all of the claims asserted in the above-captioned matter are dismissed with prejudice as to the Plaintiffs and the Settlement Class. The parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Agreement.

8. By this Judgment, the Plaintiffs hereby release Defendant and each of its respective past, present, and future owners, stockholders, parent corporations, related or affiliate companies, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and their respective successors and predecessors in interest, each of their company-sponsored employee benefit plans of any nature (including, without limitation, profit-sharing plans, pension plans, 401(k) plans, and severance plans) and all of their respective officers, directors,

1  employees, administrators, fiduciaries, trustees, and agents, and any individual or
2  entity which could be jointly liable with Defendant (the "Released Parties") any and
3  all claims whatsoever regarding the Named Plaintiffs' employment and/or the
4  termination of their employment with Defendant and/or any of the Released Parties
5  including, but not limited to, any claims for wages, bonuses, severance pay,
6  employment benefits, stock options, violation of any personnel policy, any claims
7  based on discrimination, harassment, unlawful retaliation, violation of public
8  policy, or damages of any kind whatsoever, arising out of any common law torts,
9  contracts, express or implied, any covenant of good faith and fair dealing, any
10 theory of wrongful discharge, any theory of negligence, any theory of retaliation,
11 any legal restriction on Employer's right to terminate the employment relationship,
12 or any federal, state, or other governmental statute, executive order, regulation or
13 ordinance, or common law, or any other basis whatsoever, to the fullest extent
14 provided by law.

15     9.     By this Judgment, each Class Member who has not validly and timely
16 requested exclusion from the Settlement by opting out shall be deemed to have, and
17 by operation of the Judgment shall have, fully, finally, and forever released and
18 discharged the Released Parties from any and all of the "Released Claims" defined
19 as: all claims, demands, rights, liabilities, causes of action, and legal theories
20 arising during the Class Period that were, or could have been asserted in the
21 Lawsuit, based upon or arising out of the facts and allegations of the Lawsuit,
22 whether known or unknown, whether in tort, contract, statute, rule, ordinance,
23 order, regulation, or otherwise, including state and federal wage and hour laws
24 (including California Labor Code sections 201, 202, 203, 204, 226, 226.3, 226.7,
25 510, 512, 551, 552, 558, 1174, 1194, 1198), the California Private Attorney General
26 Act, all applicable wage orders, whether for economic damages, non-economic
27 damages, restitution, penalties, premiums, wages, or liquidated damages, including
28 but not limited to: the cause of action asserted in the Complaint based on the

alleged failure to pay overtime compensation, including overtime and double time wages, premiums, penalties, interest, fees, and costs arising out of alleged overtime work; the legal claims associated with the misclassification legal theory asserted in the Complaint for failure to provide meal and rest periods, including wages, premiums, penalties, interest, fees, and costs arising out of alleged failure to provide meal and rest periods; the cause of action asserted in the Complaint for failure to keep accurate records, including damages, premiums, penalties, interest, fees, and costs arising out of any alleged failure to keep accurate records; the cause of action asserted in the Complaint for failure to pay wages timely upon ending employment, and any wages, premiums, penalties, interest, fees, and costs arising out of the alleged failure to pay wages upon ending employment; and as related to the foregoing, the cause of action asserted in the Complaint for alleged unlawful, unfair and/or fraudulent business practices under California Business & Professions Code section 17200, *et seq*. Expressly excluded from the Released Claims of the Plaintiff Class are claims for unemployment insurance, disability, and workers' compensation, and claims arising outside of the Class Period.

10. Neither the Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (i) is or may be deemed to be or may be cited or used as an admission of, or evidence of, the validity of any of the released claims described above, any wrongdoing or liability of Defendant or any of the Released Parties, or whether class action certification is warranted in this Action or any other proceeding or that decertification is not warranted in this Action or any other proceeding; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant or any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendant may file the Judgment from the above-captioned matter in any other action that may be brought against them in order to support a

defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. The Action is dismissed on the merits and with prejudice, permanently barring the Plaintiffs and Class Members from prosecuting any of the Released Claims, permanently barring the Plaintiffs from prosecuting any of the Plaintiffs' released claims against any of the Released Parties.

12. The Court hereby confirms the appointment of Laurie Bueche and Kelly Collier as Class Representatives for the Class for purposes of the Settlement. The Court hereby confirms the appointment of Norman Blumenthal, Kyle Nordrehaug, and Aparajit Bhowmik of the law firm of Blumenthal, Nordrehaug, & Bhowmik as Class Counsel for the Class for purposes of Settlement and the releases and other obligations therein.

13. Pursuant to the Agreement, Defendant shall pay the Maximum Settlement Amount in the amount of Six Hundred Seventy-Five Thousand Dollars ($675,000.00) in accordance with the Agreement. Defendant shall not be required to make any other payments in connection with the Settlement.

14. The Court finds that the plan of allocation for the Maximum Settlement Amount set forth in the Agreement is fair and reasonable and that distribution of the Maximum Settlement Amount shall be made in accordance with the terms outlined in the Agreement, subject to the following:

    a) The Court hereby awards to Class Counsel attorneys' fees of $168,750 and costs of $ 27,858.08.

    b) The Court hereby approves the payment of settlement administration costs in the amount of $11,000 to the Administrator, Gilardi & Co., for services rendered in connection with the Settlement.

      c)     The Court hereby approved Enhancement Awards of $7,500 for Plaintiff Bueche and $5,000 for Plaintiff Collier for their contributions to the Action.

      d)     The Court hereby approves the payment in the amount of $5,000.00 for the payment of PAGA Penalties Seventy-five percent (75%) of this amount will be paid directly to the LWDA, and the remaining twenty-five percent (25%) of this amount will remain in the common fund for distribution to participating Settlement Class Members.

      e)     The Settlement Administrator is directed to make the foregoing payments to Class Counsel, the Administrator, the Plaintiff, and the LWDA in accordance with the terms of the Agreement. These payments shall come out of the Maximum Settlement Amount. The Settlement Administrator shall distribute the Potential Gross Individual Settlement Proceeds to the Settlement Class Members pursuant to the terms of the Agreement.

16. All checks sent to Participating Class Members that remain uncashed after one hundred and twenty (60) days, as well as all amounts allocated to Class Members who elect to opt-out of the Settlement, shall be distributed *cy pres* to Children's Advocacy Institute.

17. This matter is hereby dismissed with prejudice. The Court reserves and retains exclusive and continuing jurisdiction over the above-captioned matter, the Class Representatives, the Class, Class Counsel, and Defendant for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement and this Judgment. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: January 26, 2016

HON. JOHN A. MENDEZ
UNITED STATES DISTRICT COURT